## BLAU *v.* UNITED STATES.

No. 21.   Argued November 7, 1950.—Decided January 15, 1951.

*Samuel D. Menin* argued the cause and filed a brief for petitioner.

*Solicitor General Perlman* argued the cause for the United States. With him on the brief were *Assistant Attorney General McInerney, John F. Davis* and *J. F. Bishop.*

MR. JUSTICE BLACK delivered the opinion of the Court.

Petitioner was summoned to appear before a federal district grand jury in Denver, Colorado. Both before that body and before the district judge where he was later taken, petitioner declined to answer questions concerning the activities and records of the Communist Party of Colorado, claiming his constitutional privilege against self-incrimination. He also refused to reveal the whereabouts of his wife, who was wanted by the grand jury as a witness in connection with the same investigation. As to this refusal to testify, petitioner asserted his privilege against disclosing confidential communications between husband and wife. The district judge overruled both claims of privilege and sentenced petitioner to six months in prison for contempt of court. The Court of Appeals for the Tenth Circuit affirmed. 179 F. 2d 559.

For the reasons set out in our recent opinion in *Patricia Blau* v. *United States,* 340 U. S. 159, we hold it was error to fail to sustain the claim of privilege against self-incrimination.

This leaves for consideration the validity of the sentence insofar as it rests on the failure of petitioner to disclose the whereabouts of his wife. In *Wolfle* v. *United States,* 291 U. S. 7, this Court recognized that a confidential communication between husband and wife was privileged. It is not disputed in the present case that petitioner obtained his knowledge as to where his wife was by communication from her. Nevertheless, the Government insists that he should be denied the benefit of the privilege because he failed to prove that the information was privately conveyed. This contention ignores the rule that marital communications are presumptively confidential. *Wolfle* v. *United States, supra,* at 14; Wigmore, Evidence, § 2336. The Government made no effort to overcome the presumption. In this case, more-

over, the communication to petitioner was of the kind likely to be confidential. Petitioner's wife, according to the district judge, knew that she and a number of others were "wanted" as witnesses by the grand jury but she "hid out, apparently so that the process . . . could not be served upon her." [1] Several of the witnesses who appeared were put in jail for contempt of court. Under such circumstances, it seems highly probable that Mrs. Blau secretly told her husband where she could be found. Petitioner's refusal to betray his wife's trust therefore was both understandable and lawful. We have no doubt that he was entitled to claim his privilege. [2]

*Reversed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.

MR. JUSTICE MINTON, with whom MR. JUSTICE JACKSON joins, dissenting.

If a communication between husband and wife is made under circumstances obviously not intended to be confidential, it is not privileged. *Wolfle* v. *United States,* 291 U. S. 7, 14.

---

[1] Petitioner's wife, when apprehended, was sentenced to one year's imprisonment for contempt, *Patricia Blau* v. *United States, supra,* although other witnesses who refused to testify received shorter sentences. In sentencing Mrs. Blau, the judge stated: "I haven't much sympathy for this lady because, as I said, she defied the Court by avoiding the process of the Court when she knew very well that she was wanted here, and yet she hid out, apparently so that the process of this court could not be served upon her."

[2] In view of our decision on this phase of the case, it is unnecessary to reach the question whether the single *conviction* for contempt (which was based on the refusal to give incriminating testimony *and* on the refusal to reveal a confidential marital communication) would be valid if petitioner were entitled to claim one, but not both, of the privileges.

Where the privilege suppresses relevant testimony, as it did here, it should "be allowed only when it is plain that marital confidence can not otherwise reasonably be preserved." *Id.*, at 17.

Unless the wife is in concealment, which does not appear to be the case here, the disclosure of her whereabouts to the husband is obviously not intended to be confidential and therefore is not privileged. Not every communication between husband and wife is blessed with the privilege. The general rule of evidence is competency. Incompetency is the exception, and to bring one within the exception, one must come within the reason for the exception. The reason here is protection of marital confidence, not merely of communication between spouses. It seems to me clear that all that is shown here is communication. The circumstances of confidence are absent; what all may know is certainly not confidential.

For refusal to divulge his wife's whereabouts, petitioner was in contempt. Since the sentence he received was such as he might have received for that single act of contempt, his conviction is valid. Cf. *Pinkerton* v. *United States*, 328 U. S. 640, 641, n. 1; *Hirabayashi* v. *United States*, 320 U. S. 81, 85. If petitioner conceived his sentence to be illegal, he would not be without remedy, for he might seek a reduction thereof on remand of this case under Rule 35 of the Federal Rules of Criminal Procedure. I intimate nothing as to that issue.

I would affirm the conviction.