**UNITED STATES of America**

v.

**Brenda SASSO, Defendant.**

**No. 77 Cr. 190 (HFW).**

United States District Court, S. D. New York.

Aug. 16, 1977.

---

Fink & Meyers, New York City, for defendant; Elizabeth M. Fink and Daniel L. Meyers, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., New York City, for the Government; Robert B. Mazur, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

Brenda Sasso moves to sever her trial on charges of conspiring to violate the federal narcotics laws from that of her co-defendants, including Wayne Sasso, her husband. The Sassos are only charged with conspiracy although the indictment alleges that some of the other defendants committed additional substantive crimes.

Mrs. Sasso contends that she will be prejudiced unless a severance is granted by both "prejudicial spillover" from evidence to be offered against other more culpable defendants and the fact that she will be tried together with her spouse. Since Mrs. Sasso's claims of prejudice are at best speculative, her motion is herein denied.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, the Government may join the trial of two or more defendants when "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense." Here, the Sassos are both charged with participating in the same overt act undertaken in furtherance of the same conspiratorial goal and no claim of misjoinder can be made. Since persons charged in the same indictment should generally be jointly tried, *see United States v. Lebron*, 222 F.2d 531, 535 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955), it is therefore Mrs. Sasso's burden to demonstrate sufficient prejudice to warrant a discretionary severance under Rule 14 of the Federal Rules of Criminal Procedure. *United States v. Finkelstein*, 526 F.2d 517, 525 (2d Cir. 1975), *cert. denied sub nom. Scardino v. United States*, 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976); *United States v. Crisona*, 271 F.Supp. 150 (S.D.N.Y.1967). From the papers presently before the court, it is evident that this burden has not been met.

While it is true that Mrs. Sasso is named in but one of the overt acts, which charges that she and her husband conducted a "money wash" by exchanging $10,000 in small denominations for $10,000 in larger denomination bills, the Government will not be limited to proof of that episode at trial. *United States v. Quesada*, 512 F.2d 1043, 1046 (5th Cir.), *cert. denied*, 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975); *United States v. Nowak*, 448 F.2d 134, 140 (7th Cir. 1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 714, 30 L.Ed.2d 731 (1972); *United States v. Ayres*, 434 F.2d 60, 62 (5th Cir. 1970), *cert. denied sub nom. Sidney v. United States*, 401 U.S. 938, 91 S.Ct. 930, 28 L.Ed.2d 217 (1971). Thus the Government may be able to establish that investigators found weapons, narcotics paraphernalia, and more than $200,000 in cash during a search of Mrs. Sasso's apartment and that she attempted to hide documentary evidence of substantial narcotics transactions subsequent to her arrest. (Government Affidavit at ¶ 4.) The court consequently cannot agree with defense counsel that her alleged role in the conspiracy was necessarily "insignificant," or that presentation of all available evidence against her would take "less than a quarter of a trial day." (*See* Affidavit of Daniel L. Meyers, Esq. at 6, 7.)

The court remains aware of its "continuing duty" to order a separate trial when prejudice to a defendant becomes manifest, *Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); *United*

*States v. Donaway,* 447 F.2d 940, 943 (9th Cir. 1971); *United States v. Kelly,* 349 F.2d 720, 759 (2d Cir. 1965), *cert. denied,* 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966), lest a verdict of "guilt by association" be the result, *United States v. Branker,* 395 F.2d 881, 888 (2d Cir. 1968), *cert. denied sub nom. Lacey v. United States,* 393 U.S. 1029, 89 S.Ct. 639, 21 L.Ed.2d 573 (1969). However, with respect to Mrs. Sasso, no serious risk of prejudicial spillover has been shown.

Mrs. Sasso's alternative argument for a severance arises out of the fact that her husband will also be a defendant at trial. Mrs. Sasso notes that she would not be willing to offer testimony against her husband at a joint trial, and her counsel observes further that Mr. Sasso would exercise his matrimonial privilege under "Rule 504" of the Federal Rules of Evidence to prevent her from testifying against him. It is alleged that this will prevent her from exercising her constitutional right to meet the charges in the indictment by taking the stand in her own defense. *Walder v. United States,* 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503 (1954); *see Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

It is actually Rule 501 of the Federal Rules of Evidence which governs the exercise of privileges in general and the matrimonial privileges relied upon here.[1] That rule provides, in pertinent part, as follows:

> Except as otherwise required by the Constitution of the United States . . ., the privilege of a witness, [or] person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. . . .

Under the common law, there are two potential privileges available to the Sassos which may be invoked here: one serves to preserve family harmony by allowing a defendant to bar his spouse from offering testimony adverse to him, *Hawkins v. United States,* 358 U.S. 74, 77, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958); *United States v. Fisher,* 518 F.2d 836, 839 (2d Cir.), *cert. denied,* 423 U.S. 1033, 96 S.Ct. 565, 46 L.Ed.2d 407 (1975); the other is intended to encourage free and open communication between a husband and wife by enabling either of them to invoke a privilege as to confidential communications between them, *see Blau v. United States,* 340 U.S. 332, 333, 71 S.Ct. 301, 95 L.Ed. 306 (1951); *United States v. Harper,* 450 F.2d 1032, 1045 (5th Cir. 1971). But neither privilege is relevant unless it is shown that Mrs. Sasso will in fact seek to testify at her trial. The court is unwilling to assume that this is so and that Mrs. Sasso will waive her privilege against self-incrimination in the absence of a sworn affidavit from Mrs. Sasso demonstrating that she will offer exculpatory testimony in her own defense. Mrs. Sasso's conclusory averment to that effect simply will not suffice. *See Byrd v. Wainwright,* 428 F.2d 1017, 1020, 1022 (5th Cir. 1970), holding that there is no duty to sever a defendant in order to make potentially exculpatory testimony available unless it is shown that the testimony will then be used.

Furthermore, Mrs. Sasso is not entitled to a severance merely because she would rather not testify against her husband at a joint trial. Just as a criminal defendant must shed the protective cloak of the fifth amendment when taking the witness stand in his or her own defense, *e. g., Raffel v. United States,* 271 U.S. 494, 499, 46 S.Ct. 566, 70 L.Ed. 1054 (1926), Mrs. Sasso may be required to forego her privilege not to testify against her spouse—which implicates no constitutional right—in order to be able to testify on her own behalf.

---

1. There is no "Rule 504" in the evidentiary rules approved by Congress. There was a proposed Rule 504, see 51 F.R.D. at 366, but it concerned the psychotherapist-patient privilege, which is obviously not an issue here. Proposed Rule 505, to which counsel apparently adverts, was never approved by Congress and never took effect. S.Rep.No.1277, 93d Cong., 2d Sess. 6–7; H.Rep.No.650, 93d Cong., 1st Sess. 8–9, U.S.Code Cong. & Admin.News 1974, p. 7051. It would therefore be advisable for counsel to obtain a copy of the current Federal Rules of Evidence in advance of trial.

A different problem will be presented if Mrs. Sasso ultimately decides to testify against her husband, and he then asserts a valid claim of privilege in order to prevent her from offering testimony adverse to him. I note that Mrs. Sasso has not established any likelihood of this occurring since she has disclosed neither the nature of the testimony she would offer, nor how her husband could be harmed. The record is also bereft of any affidavit from Mr. Sasso indicating that he, in fact, would move to bar the testimony of his wife. Thus, the court holds that Mrs. Sasso has not met her substantial burden of establishing prejudice arising out of joinder with her co-defendants, and her motion is, for that reason, denied.

A separate trial for Mrs. Sasso will, however, be ordered if it is at any time shown to the court's satisfaction that Mr. Sasso intends to exercise a legitimate claim of privilege applicable to testimony to be offered by his wife.

SO ORDERED.