UNITED STATES of America, Appellee,

v.

William Augustus BROOME, Appellant.

UNITED STATES of America, Appellee,

v.

James Lee SPOONE, Appellant.

UNITED STATES of America, Appellee,

v.

Billie K. SPOONE, Appellant.

Nos. 81–5012, 81–5017 and 81–5018.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1984.

Decided April 16, 1984.

Stanford E. Lacy, Columbia, S.C., for appellant William Augustus Broome.

Amy C. Sutherland, Greenville, S.C., for appellant James Lee Spoone.

John F. Hardaway, Columbia, S.C., for appellant Billie K. Spoone.

Marvin J. Caughman, Asst. U.S. Atty. Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Deborah L. Cochelin, Third Year Law Student on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

James Spoone, his wife, Billie Spoone, and Willie Broome appeal from their convictions by a jury of conspiracy to transport and sell stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 371 and selling stolen vehicles in violation of 18 U.S.C. § 2313. James Spoone and William Broome also appeal from their conviction of transporting stolen vehicles in violation of 18 U.S.C. § 2312. Additionally, James Spoone appeals from his conviction of harboring a fugitive in violation of 18 U.S.C. § 1071. We affirm.

### I.

On appeal, Billie Spoone contends that the admission of certain testimony by William Hall, the Government's witness, violated her marital privilege protecting confidential communications between husband and wife. We disagree.

Hall testified that James Spoone called Billie Spoone by telephone and that after that call, James Spoone revealed to Hall the subject matter of the statements made to him by his wife. These statements were about the appellants' car theft business. Hall, over Billie Spoone's objection, was allowed to testify to the contents of the Spoones' conversation.

■ In ruling on whether to permit Hall to testify as to Billie Spoone's statements, the district judge was forced to choose between two conflicting federal rules. The first of these rules is the marital privilege protecting confidential communications between husband and wife. *See Blau v. United States*, 340 U.S. 332, 71 S.Ct. 301, 95 L.Ed. 306 (1951); Fed.R.Evid. 501. This privilege reaches those marital communications made in confidence and intended to be confidential. 340 U.S. at 333, 71 S.Ct. at 302.

■ The second federal rule the district court considered in ruling on the admissibility of Billie Spoone's statements was the coconspirator exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E). Pursuant to that rule, if a conspiracy can be proven then any out-of-court statement made by a coconspirator during the course and in furtherance of the conspiracy may be used against any other conspirator. Here, the district judge found that there was sufficient evidence from which a jury could conclude that a conspiracy existed and that the Spoones were members of the conspiracy,[1]

---

**1.** On appeal, Billie Spoone disputes this finding with respect to her conviction on the ground that the case lacked proof of her knowledge that the conspiracy existed. We disagree. There was a clear demonstration of an illicit association by a fair preponderance of independent non-hearsay evidence. *See United States v. Jones*, 542 F.2d 186 (4th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976). The evidence presented indicated that Billie

and consequently admitted Billie Spoone's statements pursuant to the coconspirator exception to the hearsay rule.

■ The question now before this Court is whether the district judge erred in finding the marital privilege inapplicable where it conflicted with the coconspirator exception to the hearsay rule. In *United States v. Mendoza*, 574 F.2d 1373 (1978), the Fifth Circuit explicitly recognized the propriety of such a finding:

> [This ruling] strikes the proper balance between domestic tranquility and the public interest therein, on the one hand, and the revelation of truth and the attainment of justice, which also are in the public interest, on the other. Therefore, we hold that conversations between husband and wife about crimes in which they are jointly participating when the conversations occur are not marital communications for the purpose of the marital privilege, and thus do not fall within the privilege's protection of confidential marital communications.

*Id.* at 1381.[2] We agree with the Fifth Circuit's reasoning, and hold that where marital communications have to do with the commission of a crime in which both spouses are participants, the conversation does not fall within the marital privilege and, consequently, does not limit the applicability of the coconspirator exception to the hearsay rule. Accordingly, Billie Spoone's contention is without merit.

## II.

Broome alleges that: (1) the district judge's description of Hall's plea bargain unduly influenced the jury to believe that Hall had testified truthfully; (2) the district judge erred by failing to grant Broome a separate trial; and (3) there was insufficient evidence to find Broome guilty beyond a reasonable doubt. We disagree with each of these allegations.

■ Broome's claim of prejudice from the trial judge's description of Hall's plea bargain lacks merit. In instructing the jury, the district judge stated that Hall had plea-bargained with the Government. The judge observed that one of the Government's requirements in the plea bargain was that Hall would "testif[y] truthfully." He then explained that it was up to the jurors to determine whether Hall should be believed. This brief and accurate description of Hall's plea bargain could not have unduly influenced the jury to believe that Hall had testified truthfully.

■ Broome's allegation that he suffered substantial prejudice from being denied a separate trial is unsupported by any specific showing of prejudice. Broome argues that because he called Peter Spoone, his codefendants' son, as a witness, he risked having the son shade his testimony to protect his parents. This possibility would have existed, however, even if separate trials had been ordered.

■ Finally, Broome's contention that there was insufficient evidence of guilt is untenable. The evidence presented at trial indicated that Broome concocted Hall's alias, bought wrecked cars for their vehicle identification numbers, picked up salvage titles for cars, disguised stolen cars, and was singularly instrumental in running the stolen car business. This evidence was clearly sufficient to find him guilty beyond a reasonable doubt.

---

Spoone lived with the other defendants, was aware that they took frequent trips and would arrive back home late at night with stolen cars, was aware that stolen cars were worked on at her home, drove a stolen car which she sought to have disguised, and allowed the other defendants to use her notary seal in selling the cars.

**2.** *See also United States v. Kahn*, 471 F.2d 191 (7th Cir.1972), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973), *rev'd on other grounds*, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d

225 (1974) ("Society has an interest in protecting the privacy of marriage because invasion of the privacy endangers the family relationship," but " '[w]here both spouses are substantial participants in patently illegal activity, even the most expansive of the marriage privileges should not prevent testimony.' " *Id.* at 194 (quoting Note, *Future Crime or Tort Exception to Communications Privilege*, 77 Harv.L.Rev. 730, 734 (1964)).

### III.

■ Broome, James Spoone, and Billie Spoone allege that the district judge's preliminary instructions concerning discussion among the jurors denied appellants their right to a fair trial. This contention lacks merit.

On the opening day of this case, the district judge stated to the jury "[s]o even though you may discuss the case among yourselves at breaks and at other times, do not try to arrive at any judgment or decision about the facts in this case until the case is completely tried...." None of the appellants objected to this instruction; consequently, the issue of its propriety was not preserved for appeal.[3]

### IV.

After a careful review of the record, we have determined that appellants' additional challenges to the judgment below are also without merit. Accordingly, the convictions are affirmed.

AFFIRMED.

---

3. Furthermore, in *United States v. Lemus*, 542 F.2d 222 (4th Cir.1976), this Court held that a trial judge who twice instructed the jurors that it would be proper for them to discuss the case during recess committed only harmless error. Had appellants objected at trial, there would have been no reason to have held differently in this case.