**UNITED STATES of America**

**v.**

**Robert Lawrence FREEMAN and Melissa Marie Freeman.**

**Crim. No. 88–96–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 15, 1988.

Gregory S. Larsen, Chesapeake, Va., James O. Broccoletti, Zoby & Broccoletti, Norfolk, Va., for Robert Freeman.

David Wayne Bouchard, Chesapeake, Va., for Melissa Freeman.

Charles D. Griffith, Jr., Asst. U.S. Atty., Larry Willis, Sp. Asst. U.S. Atty., Norfolk, Va., for U.S.

## ORDER

CLARKE, District Judge.

Robert Freeman and Melissa Freeman, husband and wife, are jointly charged with possession of cocaine and with conspiracy to possess and distribute cocaine.

Mrs. Freeman has moved under Rule 14 of the Federal Rules of Criminal Procedure to sever her trial from that of her husband, asserting that she intends to testify on her own behalf but does not wish to testify against her husband.[1] At oral argument, Mrs. Freeman, through counsel, stated that her testimony would indeed be adverse to her husband's interests.

Mrs. Freeman states that she is "asserting her right under the husband-wife privilege embodied in the Federal Rules of Evidence, Rule 501" and that failure to sever the trials would "effectively den[y] the right to testify in her own defense."

The Federal Rules of Evidence contain no provisions for specific testimonial privileges in federal criminal trials but provide that privileges "shall be governed by the principles of the common law as they may be interpreted by the courts ... in the light of reason and experience." Fed.R.Evid. 501. The Rule was intended to provide the courts with the flexibility to continue the evolutionary development of testimonial privileges. *Trammel v. United States*, 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980). However, such privileges contravene the public interest in ascertaining the truth and therefore must be strictly construed. *Id.* at 49–50, 100 S.Ct. at 912.

---

1. Mr. Freeman has filed an identical Motion, which Motion was not the subject of oral argument and apparently has been abandoned. In any case, the reasoning followed in discussing Mrs. Freeman's Motion applies equally to Mr. Freeman's.

The so-called marital privilege, as it has evolved, today comprises two separate privileges. The first protects information disclosed privately between spouses in the confidence of the marital relationship. *Blau v. United States*, 340 U.S. 332, 71 S.Ct. 301, 95 L.Ed. 306 (1951); *see also Trammel*, 445 U.S. at 45, n. 5, 51, 100 S.Ct. at 909 n. 5, 913. The privilege for confidential marital communications may be asserted by either spouse, and neither spouse may testify to such communications without the other's consent. *Blau*, 340 U.S. at 333–34, 71 S.Ct. at 302; *United States v. Parker*, 834 F.2d 408 (4th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1118, 99 L.Ed.2d 279 (1988). The second type of privilege is the privilege to refuse to testify adversely to one's spouse regarding acts observed before or during the marriage and to communications made in the presence of third parties. The privilege to refuse to testify adversely belongs solely to the witness-spouse. *Trammel*, 445 U.S. at 43–53, 100 S.Ct. at 908–14.

■ The first type of privilege, for marital communications, holds that such communications are presumptively confidential. However, the Fourth Circuit has held that the privilege is inapplicable to "marital communications hav[ing] to do with the commission of a crime in which both spouses are participants." *United States v. Parker*, 834 F.2d at 411, *citing United States v. Broome*, 732 F.2d 363, 365 (4th Cir.), *cert. denied*, 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 116 (1984). This view is in accord with the majority of circuits. *See, e.g., United States v. Estes*, 793 F.2d 465 (2d Cir.1986); *United States v. Keck*, 773 F.2d 759 (7th Cir.1985); *United States v. Sims*, 755 F.2d 1239 (6th Cir.), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3533, 87 L.Ed.2d 656 (1985); *United States v. Neal*, 743 F.2d 1141 (10th Cir.1984), *cert. denied*, 470 U.S. 1086, 105 S.Ct. 1848, 85 L.Ed.2d 146 (1985); *United States v. Ammar*, 714 F.2d 238, 257–58 (3d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Mendoza*, 574 F.2d 1373 (5th Cir.), *cert. denied*, 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978).

The Seventh Circuit has been the first to extend the joint participants exception to the privilege not to testify against a spouse. *United States v. Clark*, 712 F.2d 299 (7th Cir.1983); *United States v. Van Drunen*, 501 F.2d 1393 (7th Cir.), *cert. denied*, 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed. 2d 684 (1974); *contra Appeal of Malfitano*, 633 F.2d 276 (3d Cir.1980). As the Court in *Clark* noted, allowing a privilege where husband and wife are joint participants in a crime does not accord with the purposes of the privilege. First, "the rehabilitative effect of a marriage, which in part justifies the privilege, is diminished when both spouses are participants in the crime." *United States v. Clark*, 712 F.2d at 301. More importantly, society's interest in preserving marital harmony—the main purpose of the privilege—should not be used to "assur[e] a criminal that he or she could enlist the aid of a spouse in a criminal enterprise without fear that by recruiting the accomplice the criminal was creating another potential witness." *Id.*

This Court is of the opinion that the Seventh Circuit has enunciated the proper rule, and that the privilege against testifying adversely against a spouse does not apply to joint criminal participants. Because Mrs. Freeman has no privilege not to testify against her husband in this case, her right to testify on her own behalf is not prejudiced and she is not entitled to a severance under Rule 14.

■ Even if the privilege not to testify adversely were applicable in this case, Mrs. Freeman would not be so prejudiced as to be entitled to a new trial. Clearly, Mrs. Freeman has the right to take the stand in her own defense. *United States v. Harris*, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971). However, although Mrs. Freeman refers to her "right" not to testify against her husband, the privilege not to testify against one's spouse is just that—a privilege. If a criminal defendant may be required to choose his right to testify over his fifth amendment right to avoid self-incrimination, *e.g., Raffel v. United States*, 271 U.S. 494, 499, 46 S.Ct. 566, 568, 70 L.Ed. 1054 (1926), surely a defendant may

be required to make a choice between her right to testify and her option to assert a privilege that implicates no constitutional right.

This Court's decision is in agreement with the holding of the single reported case that addresses the factual situation presented here. *United States v. Sasso*, 78 F.R.D. 292 (S.D.N.Y.1977). The defendant Mrs. Freeman "is not entitled to a severance merely because she would rather not testify against her husband at a joint trial." *Id.* at 294.

The defendant's Motion for Severance is DENIED.

IT IS SO ORDERED.