**UNITED STATES of America, Plaintiff,**

v.

**Gilbert L. DOWDY, et al., Defendants.**

**No. 90–00026–11–CR–W–8.**

United States District Court,
W.D. Missouri, W.D.

June 26, 1990.

**1284**

See also — F.R.D. —.

Linda L. Parker and Kenneth E. Weinfurt, Kansas City, Mo., for the U.S.

Carol Coe, Kansas City, Mo., for Gilbert Dowdy.

Sylvester James, Jr., Kansas City, Mo., for Samuel Dowdy.

Lawrence H. Pelofsky, Overland Park, Kan., for Steven Baker.

C. Brooks Wood, Daniel P. Wheeler, Kansas City, Mo., for Ocie Baker.

Donald L. Williams, Kansas City, Mo., for Vicky Nixon.

R.J. Campbell, Kansas City, Mo., for Sheri Ellison.

Robert G. Duncan, Kansas City, Mo., for Robert Turner.

Bruce W. Simon, Kansas City, Mo., for Rodney Miller.

Willis L. Toney, Kansas City, Mo., for Cassandra Miller.

## ORDER

STEVENS, District Judge.

At a hearing held in open court on June 21, 1990 the court announced its decision to deny the severance motion filed by defendant Cassandra Miller. The court explained that the motion was denied because the marital privilege asserted by Cassandra Miller does not apply in cases where the husband and wife are alleged to be joint participants in a crime. Because of the dearth of Eighth Circuit authority on the issue, the court issues this opinion to explain its decision in further detail.

Both Cassandra Miller and her husband Rodney are among eleven defendants charged in a 27–count indictment. The Millers are charged in counts alleging conspiracy to distribute cocaine and money laundering. In support of her motion to sever Cassandra Miller argues that she will testify on her own behalf at trial and will rely on the defenses of lack of knowledge and lack of intent. She states in her motion that her testimony would be incriminating to her husband, Rodney Miller, also a defendant in this case. As a result, she seeks a severance so that she would be able to testify on her own behalf without contributing to the prosecution of her husband. She argues that the common law marital privilege compels this court to grant her motion.[1]

Cassandra Miller relies exclusively on *Hawkins v. United States*, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958). In that case the Supreme Court concluded that the district court erred in admitting the unwilling testimony of Hawkins' wife[2] since the testimony was protected by the marital privilege. The court found that although the traditional common law rule prohibiting testimony of one spouse in favor of the other spouse was antiquated, it "was not prepared to say the same about the rule barring testimony of one spouse *against* the other." *Id.* at 77, 79 S.Ct. at 138 (emphasis in original). This decision was based specifically on the policy consideration of fostering "family peace." *Id.*

---

1. Under Fed.R.Evid. 501 "the privilege of a witness, person, government, State, or political subdivision thereof shall by governed by the principles of the common law as they may be interpreted by the courts of the United States ..." except as otherwise provided by either the Constitution or statute.

2. The wife was not a defendant in the case.

As the government notes, however, the Court's decision in *Hawkins* was significantly limited in *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). After considering the history and policy considerations giving rise to the marital privilege, the Court concluded "that the existing rule should be modified so that the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." *Id.* at 53, 100 S.Ct. at 914. In other words, the decision whether to testify now belongs solely to the witness-spouse. *Id.*

The Court in *Trammel* noted that two forms of marital communications privilege exist: confidential marital communications privately disclosed between husband and wife and those communications made in the presence of third parties to which an individual may be asked to testify at trial. *Id.* at 51, 100 S.Ct. at 912. *See also United States v. Picciandra*, 788 F.2d 39, 43 (1st Cir.), *cert. denied*, 479 U.S. 847, 107 S.Ct. 166, 93 L.Ed.2d 104 (1986) (Marital communications privilege "is separate and distinct from the privilege of one spouse to refuse to testify adversely against the other spouse."). It is the latter privilege that the Supreme Court addressed in *Trammel*.

Unlike the spouse in either *Trammel* or *Hawkins*, Cassandra Miller is also a defendant. A number of courts, relying on *Trammel*, have found that the privilege does not apply if the husband and wife are joint participants[3] in the alleged crime. *See e.g., Picciandra*, 788 F.2d at 43 ("Communications concerning crimes in which the spouses are jointly participating ... do not fall within the protection of the marital communications privilege."); *United States v. Keck*, 773 F.2d 759, 767 (7th Cir.1985) (neither adverse testimony privilege nor confidential communications privilege may

be asserted "where both parties are 'joint participants' in a crime"); *United States v. Sims*, 755 F.2d 1239, 1241, 1243 (6th Cir.), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3533, 87 L.Ed.2d 656 (1985) (court adopts joint participant exception for confidential marital communications and notes that other circuits have adopted the exception for one or both types of marital privilege); *United States v. Freeman*, 694 F.Supp. 190, 191 (E.D.Va.1988) ("the privilege against testifying adversely against a spouse does not apply to joint criminal participants"); *United States v. Sasso*, 78 F.R.D. 292, 294 (S.D.N.Y.1977) (privilege does not apply to married codefendants).

The reason for the joint participation exception was succinctly explained by one court prior to *Trammel:* "[j]ust as a criminal defendant must shed the protective cloak of the fifth amendment when taking the witness stand in his or her own defense ..., [a codefendant spouse] may be required to forego her privilege not to testify against her spouse—which implicates no constitutional right—in order to be able to testify on her own behalf." *Sasso*, 78 F.R.D. at 294 (citations omitted). *Accord Freeman*, 694 F.Supp. at 191–192 ("If a criminal defendant may be required to choose his right to testify over his fifth amendment right to avoid self-incrimination, ... surely a defendant may be required to make a choice between her right to testify and her option to assert a privilege that implicates no constitutional right.").

The Eighth Circuit has not expressly ruled on the matter. In one recent case the court cited *Trammel* and noted that any expansion of the marital privilege "would be contrary to developments narrowing the scope of the privilege." *In re Martenson*, 779 F.2d 461, 464 (8th Cir.1985).[4] The only

---

**3.** Cassandra Miller argues that her testimony, if taken *in camera*, would establish that she is not a participant in the crime and, therefore, the joint participant exception does not apply to her. While the cases speak of "joint participants," the term "alleged joint participants" might be more appropriate since there obviously has been no determination of guilt or innocence at the motion to sever stage. If the court

adopted Miller's argument and took the testimony *in camera* it would be placed in the position of factfinder and forced to decide whether Cassandra Miller participated in the crime. Such action would violate the province of the jury.

**4.** *Martenson* is otherwise inapposite. It involved an individual who invoked the marital

**1286**

other indication of how the Eighth Circuit might decide this question comes from the Seventh Circuit's decision in *United States v. Clark*, 712 F.2d 299 (7th Cir.1983), which was written by Senior Judge Floyd R. Gibson of the Eighth Circuit, sitting by designation. In that case the Seventh Circuit affirmed the use of the joint participant exception.

Some circuits, however, have refused to adopt the exception. *See e.g., In re Grand Jury Subpoena United States*, 755 F.2d 1022, 1025 (2d Cir.1985), *vacated as moot*, 474 U.S. 815, 106 S.Ct. 56, 88 L.Ed.2d 46 (1987) (holding that "marital privilege is not subject to a joint participant exception"); *Appeal of Malfitano*, 633 F.2d 276, 280 (3d Cir.1980) (there is no exception to marital privilege). The court believes, however, that the joint participant exception should be applied to cases such as this one. As the district courts noted in both *Sasso* and *Freeman*, if a defendant may be forced to choose between his or her fifth amendment rights and the decision to take the stand, it is certainly fair to compel a defendant to choose between taking the stand and waiving the marital privilege, which is not constitutionally protected. Accordingly, it is

ORDERED that the motion of defendant Cassandra Miller to sever her trial from that of her husband is denied.

privilege at a deposition taken in a wrongful