[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The defendant moves to suppress the testimony of Debbie Pensanti claiming that said testimony is protected by the marital communication privilege. Debbie Pensanti was legally married to the defendant at the time the alleged communication occurred and she testified at the defendant's first trial without objection by the defendant.
The marital communication privilege extends to communications from one spouse to the other spouse made during a valid marriage, which are confidential.
The State claims that at the time of the communication there was not a valid marriage, that the communication was not intended to be confidential and if the communication was protected by the marital communication privilege the defendant waived it by allowing Debbie Pensanti to testify to the alleged communication at the first trial without objection.
As to the State's claim that there was not a valid marriage at the time of the communication, from the evidence adduced at the hearing the State has not proven by a fair preponderance of the evidence that the marriage had irretrievably broken down.
As to the claim that the communication was not confidential, the State has proven that, irrespective of Debbie Pensanti's written statement, the alleged communication was not intended to be confidential. Debbie Pensanti testified at the first trial that the substance of the communication was that she was to talk to her sister because the defendant was supposed to be out of jail and he was being held for — some woman had a heart attack and she died in a burglary, and for her to talk to her sister about that, because the sister had written a statement or something on him.
Although marital communications are presumed to be confidential, that CT Page 1681 presumption may be overcome by proof of facts showing that it was not intended to be private, i.e. the presence of a third party or the intent that the information conveyed was to be transmitted to a third person.Blau v. United States, 340 U.S. 332; Wolfle v. United States, 291 U.S. 7; Wigmore, Evidence, Sec. 2336.
Furthermore, this Court finds that the defendant, by failing to object to Debbie Pensanti's testimony at the first trial, has waived his right to object to its introduction at any subsequent trial.
The confidential marital communication privilege is no more sacred than the Fifth Amendment privilege. This privilege, no less than the Fifth Amendment privilege can be waived. United States v. Brown, 634 F.2d 819;Klein v. Harris, 667 F.2d 274; Rogers v. United States, 340 U.S. 367,371.
For the aforementioned reasons the Motion to Suppress is denied
The Court by
Damiani, J. CT Page 1682