**Vladimir KOGAN, M.D., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 11–148 L**

United States Court of Federal Claims.

(Filed: December 11, 2012)

Valentina Kogan, Minnetonka, MN, immediate family representative for pro se plaintiff.

Delisa M. Sanchez, Trial Attorney, and Kimberly Ione Kennedy, Trial Attorney, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director, National Courts Section, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant. Jason F. Rudie, Staff Attorney, United States Department of Veterans Affairs, Minneapolis, MN, of counsel.

## ORDER AND OPINION

HEWITT, Chief Judge

Rule 83.1(a)(3) of the Rules of the United States Court of Federal Claims (RCFC), which governs pro se litigants, provides that "[a]n individual who is not an attorney may represent [her]self or a member of [her] immediate family." RCFC 83.1(a)(3). By its order of June 7, 2011, this court granted a

motion filed by pro se litigant Vladimir Kogan (plaintiff or Dr. Kogan), in which plaintiff requested that his wife, Valentina Kogan (Ms. Kogan), be permitted to assist him in this case pursuant to RCFC 83.1(a)(3). *See* Order of June 7, 2011, Docket Number (Dkt. No.) 8. Now before the court is plaintiff's Motion to Allow Valentina Kogan to Be Present at Dr. Kogan's Deposition as His Representative and to Oppose Valentina Kogan's Deposition (plaintiff's Motion or Pl.'s Mot.), Dkt. No. 32, filed by leave of the court on December 11, 2012.

Plaintiff, acting through Ms. Kogan as his representative, requests that Ms. Kogan be granted permission to be present at his deposition by defendant, scheduled for December 18, 2012, and that defendant be prohibited from deposing Ms. Kogan. Pl.'s Mot. 1. Plaintiff's Motion argues that deposition of Ms. Kogan is not appropriate because "ongoing confidential communication[s]" between plaintiff and Ms. Kogan are not discoverable; because "confidential documents related to this case" prepared by Ms. Kogan for her use as Dr. Kogan's representative are not discoverable; and because any knowledge that Ms. Kogan has relevant to the case also would be available to defendant by deposing Dr. Kogan. *Id.* at 1–2. Plaintiff's Motion does not cite any authority in support of its position that both confidential communications between plaintiff and Ms. Kogan and confidential documents prepared by Ms. Kogan related to this case are not discoverable.

The court, in analyzing Ms. Kogan's position, first considers the language of RCFC 83.1(a)(3). Rule 83.1(a)(3) provides in full:

> An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court. The terms counsel, attorney, and attorney of record include such individuals appearing *pro se.*

RCFC 83.1(a)(3). The first sentence of Rule 83.1(a)(3) creates the right of "[a]n individual who is not an attorney" to represent herself or a member of her immediate family. The second sentence addresses the privileges afforded "such individuals" in this court—those

of an attorney. The term "such individuals" in the second sentence necessarily refers back to the first sentence describing the circumstances in which "[a]n individual who is not an attorney" may appear as an attorney in this court. This language appears to indicate that both a pro se litigant and the immediate family member who represents him are treated as attorneys in this court. However, the phrase at the end of the second sentence—"such individuals appearing *pro se*"—could be read to include only the pro se litigant himself and to exclude from the privileges of attorneys in this court the immediate family member who represents hi m. In the view of the court, such an exclusion would be arbitrary and without basis.

█ The text of the second sentence of Rule 83.1(a)(3), in order to incorporate fully the representatives included in the term "such individuals," should, the court concludes, be read to refer to "such individuals appearing pro se or representing an individual appearing pro se." Given the court's interpretation of Rule 83.1(a)(3), the court holds that Ms. Kogan, as an immediate family member representing a pro se litigant, is entitled to the privileges of an attorney in this court.

█ It does not appear to the court that treating Ms. Kogan as an attorney, although she is also a potential witness in the case, would violate any ethical standards. An attorney generally cannot "act as advocate at a trial in which the [attorney] is likely to be a necessary witness unless . . . the testimony relates to an uncontested issue" or to "the nature and value of legal services rendered in the case" or the client would face a substantial hardship as a result of the attorney's disqualification. *See* Model Rules of Prof'l Conduct R. 3.7 (2002). It is not apparent to the court that this general rule would preclude deposition of Ms. Kogan. Because D r. Kogan would potentially face a substantial hardship if Ms. Kogan were to be disqualified from representing him, Ms. Kogan could potentially serve as both an advocate and a witness in this case. Nevertheless, Ms. Kogan's role as Dr. Kogan's representative and also as his spouse could impose restraints on defendant's ability to depose her, particularly

**710**

to the extent that defendant sought to question Ms. Kogan about confidential communications between her and Dr. Kogan or about confidential documents prepared by Ms. Kogan for use in this case.

■ With respect to the confidential communications between plaintiff and Ms. Kogan, it is unclear whether Ms. Kogan asserts that such communications are protected pursuant to the protection of a privilege analogous to the attorney-client privilege or pursuant to a confidential marital communications privilege.[1] To the extent that Ms. Kogan is asserting an attorney-client type privilege, such protection would be available to her pursuant to Rule 83.1(a)(3) because Ms. Kogan is entitled to the protections of an attorney in this court. "The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *Genentech, Inc. v. U.S. Int'l Trade Comm'n*, 122 F.3d 1409, 1415 (Fed.Cir.1997). Therefore, to the extent that private communications between Ms. Kogan and Dr. Kogan were made for the purposes of obtaining Ms. Kogan's advice regarding proceedings in this case, Ms. Kogan may refuse to reveal such communications to defendant on the basis of privilege. *Cf. Id.*

■ To the extent that Ms. Kogan is asserting a marital communications privilege, such a privilege protects confidential communications between a husband and wife. *See Blau v. United States*, 340 U.S. 332, 333, 71 S.Ct. 301, 95 L.Ed. 306 (1951) (citing *Wolfle v. United States*, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617 (1934)). The marital communications privilege may be invoked when: (1) there was a communication; (2) there was a valid marriage at the time of the communication; (3) such communication was made in confidence; and (4) the privilege was not waived. *S.E.C. v. Lavin*, 111 F.3d 921, 925 (D.C.Cir.1997) (describing "confidential marital communications privilege" under federal

common law); *see also* 25 Charles Alan Wright et al., *Federal Practice & Procedure: Federal Rules of Evidence* § 5572 (1st ed.2012) (describing the policy of the federal common law confidential marital communications privilege).

With respect to the confidential documents prepared by Ms. Kogan for use in this case, the plain language of Rule 26(b)(3)(A) of the RCFC is broad enough to include such documents in its protection. It provides that "[o]rdinarily, a party may not discover documents ... that are prepared in anticipation of litigation or for trial by or for another party *or its representative* (including the other party's attorney, consultant, surety, Indemnitor, insurer, or agent)." RCFC 26(b)(3)(A) (emphasis added).

The court has scheduled a telephonic status conference at 11:30 a.m. Eastern Standard Time on Wednesday, December 12, 2012 with Ms. Kogan, as Dr. Kogan's representative, and counsel for defendant to discuss plaintiff's Motion and, in particular, the extent to which Ms. Kogan may be deposed by defendant. Pending resolution of these issues, defendant SHALL NOT depose Ms. Kogan until further order of the court.

IT IS SO ORDERED.

---

1. The Federal Rules of Evidence (FRE), which apply in this court, provide that privileges are governed by federal common law unless the United States Constitution, federal statute or rules prescribed by the United States Supreme Court provide otherwise. *See* FRE 501. Although FRE 501 states that, in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision, this provision is inapplicable in this case. *Id.*