In re **GRAND JURY INVESTIGATION.**

Vickie **HIPES (a witness), Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 79–4365.

United States Court of Appeals,
Ninth Circuit.

Sept. 4, 1979.

Michael Patrick Moore, Oakland, Cal., for appellant.

Robert L. Dondero, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HUFSTEDLER, GOODWIN and KENNEDY, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Mrs. Vickie Hipes asserted her marital communications and testimonial privileges in refusing to answer a question about her husband's activities before a federal grand jury. The district court rejected her claim of privilege, ordered her to answer the question, and upon her refusal, the district court adjudged her in contempt.

After Mrs. Hipes was granted immunity, she answered many questions asked by the grand jury. She refused to answer the question: "What are the job responsibilities of your husband at Siesta Catering?" Both before the grand jury and the district court, Mrs. Hipes relied upon her claim of both the marital communications privilege and the marital testimonial privilege. The federal courts have long recognized both marital privileges. The testimonial privilege permits either spouse, upon objection, to exclude adverse testimony by the other, with certain exceptions not pertinent here. (*See, e. g., Hawkins v. United States* (1958) 358 U.S. 74, 75–78, 79 S.Ct. 136, 3 L.Ed.2d 125; *United States v. Lustig* (9th Cir. 1977) 555 F.2d 737, 747.) The

marital communications privilege permits either spouse, or an ex-spouse, to assert the privilege to bar testimony concerning confidential communications between the spouses during their marriage. (*See, e. g., Blau v. United States* (1951) 340 U.S. 332, 333, 71 S.Ct. 301, 95 L.Ed. 306; *Pereira v. United States* (1954) 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435; *United States v. Bolzer* (9th Cir. 1977) 556 F.2d 948, 951; *United States v. Weinberg* (9th Cir. 1971) 439 F.2d 743, 750; *United States v. Lustig, supra,* 559 F.2d at 747.)

We need not reach the question whether the marital testimonial privilege was a ground for excusing her from responding to the question because the question probed an area presumptively protected by the marital communications privilege and the Government did not overcome the presumption.

Under Rule 501 of the Federal Rules of Evidence, marital privileges, like other privileges, are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The marital communications privilege "includes within its protection information obtained by the witness from his or her spouse, providing the information was privately conveyed. Marital communications are presumptively confidential. It is therefore necessary for the party seeking to avoid the privilege to overcome the presumption. *Blau* [340 U.S.] at 333, 71 S.Ct. 301." (*United States v. Weinberg, supra,* 439 F.2d at 750.)

In *Blau,* a husband invoked the marital communications privilege in refusing to tell a federal grand jury the whereabouts of his wife. The district court overruled his claims of privilege and sentenced Blau for contempt. The Government argued, suc-cessfully in the Tenth Circuit, that the privilege did not exist because Blau failed to prove that the information was privately conveyed by his wife to him. The Supreme Court reversed, holding that marital communications are presumptively confidential and that the burden is on the Government to overcome the presumption. (340 U.S. at 333, 71 S.Ct. 301. *Accord*: 8 J. Wigmore, Evidence (McNaughton Rev. Ed. 1961) § 2336, at 648 ("It would seem proper to presume that *all* marital communications are by implication confidential and that the contrary intention must be shown by the circumstances of any given instance." [emphasis in original]).)

■ The Government made no showing that the information sought by the question propounded before the grand jury came from a source other than Mr. Hipes' conversations with his wife. On the contrary, the government counsel as well as counsel for Mrs. Hipes, assumed that whatever she knew about her husband's responsibilities at his job came from whatever Mr. Hipes told her.[1]

■ Relying upon *In re Snoonian* (1st Cir. 1974) 502 F.2d 110, the Government argues that Mrs. Hipes' marital privilege was lost because an Assistant United States Attorney filed an affidavit in which he stated that Mr. Hipes was "not a target of the grand jury investigation" and that Mrs. Hipes' testimony given before the grand jury about her husband "will not be used against him in any further proceedings." We need not resolve our doubts concerning the strength of the *Snoonian* court's rationale because, even if we accepted the reasoning, it applies only to the testimonial and not to the communications marital privilege.

---

1. The prosecutor argued that Mr. Hipes had no expectation of privacy with respect to his job duties because those duties were carried on at a place of business with a number of employees, and, therefore, the facts concerning his employment were not private facts protected by the marital communications privilege. The argument misses the point. His job may have been in the public eye, but his conversations with his wife were presumptively confidential. The Government had the burden of showing that his conversations with his wife were not conducted in private. The fact that other employees or members of the public could testify about Mr. Hipes' job responsibilities is irrelevant to the existence of the marital communications privilege.

Neither the immunity granted to Mrs. Hipes nor the opinion expressed by the United States Attorney resolves either the communications marital privilege issue or Mrs. Hipes' dilemma. A witness before a grand jury should not be compelled to choose among perjury, contempt, or disloyalty to a spouse.[2]

Because the Government did not rebut the presumption of the confidentiality of the communications by Mr. Hipes to his wife, we reverse the contempt adjudication following the teaching of *Blau v. United States, supra,* 340 U.S. 332, 71 S.Ct. 301.

REVERSED.

---

2. Nothing we have said in this opinion implies that marital privileges extend to persons other than the marital partners.