**In re GRAND JURY PROCEEDINGS Stephen Douglas REID, Witness-Appellant.**

**No. 81–5431.**

United States Court of Appeals, Ninth Circuit.

Decided June 25, 1981.

Opinion Filed July 17, 1981.

of California, sitting by designation.

Michael J. McCabe, San Diego, Cal., for appellant.

John J. Robinson, Asst. U. S. Atty. (on the brief), M. James Lorenz, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before SNEED, SCHROEDER and POOLE, Circuit Judges.

SNEED, Circuit Judge:

Witness-appellant Reid appeals from a judgment of the district court holding him in civil contempt, pursuant to the provisions of 28 U.S.C. § 1826(a), for refusal without just cause to testify before a grand jury. Our jurisdiction is based upon 28 U.S.C. §§ 1291 and 1294.

Appellant contends that he had just cause for his refusal. We hold he did not. Appellant's contention rests on his assertion that questions put to him are based at least in part on information obtained from appellant's attorney in violation of the attorney-client privilege during questioning of the attorney before the grand jury. Appellant does not contend that to answer the questions to which he has refused to respond will necessitate a violation of the attorney-client privilege. Appellant offers no proof of his assertion other than the fact that his attorney gave testimony before the grand jury. Relying on In re Grand Jury Investigation of Hipes, 603 F.2d 786 (9th Cir. 1979), appellant argues that his proof is sufficient to impose upon the government the burden of proving that the questions appellant refuses to answer are not based, in whole or in part, upon information obtained from his attorney in violation of the attorney-client privilege.

Appellant reads In re Grand Jury Investigation of Hipes, supra, too broadly. There it was acknowledged by the government that the information it sought to elicit by its questions could only have been obtained by the recalcitrant witness from what her husband told her. Under those circumstances the court imposed upon the government the burden of rebutting the presumption of confidentiality of communications between husband and wife. The government here acknowledges neither that its questions to the appellant require the revealing of information obtained from the appellant's attorney nor that its questions are based on information obtained from appellant's attorney that the attorney derived from his consultations with the appellant. Whatever may be the application of In re Grand Jury Investigation of Hipes, supra, beyond its particular facts, it is clear that it does not provide the support the appellant attributes to it. Appellant's offer of proof is insufficient to establish even a prima facie case of just cause for his refusal to answer.

We are aware that the district court conducted hearings, in camera and in open court, which reveal that there is no substance to the appellant's allegation that the questions put to him were based on information obtained in violation of the attorney-client privilege. This represents a con-

scientious discharge by the district court of its responsibilities. Our holding is not intended to be weakened by this fact.

Affirmed.