In re GRAND JURY INVESTIGATION
OF William B. HUGLE.

William B. HUGLE,
Petitioner-Appellant,

v.

UNITED STATES of America, Real
Party in Interest-Appellee.

No. 84–1228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1985.

Decided March 1, 1985.

Leonard B. Boudin, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, Doron Weinberg, Larson and Weinberg, San Francisco, Cal., for petitioner-appellant.

John C. Gibbons, Chief, Asst. U.S. Atty., San Francisco, Cal., for real party in interest-appellee.

Before KENNEDY, ALARCON, and NELSON, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant William Hugle is the apparent subject of a grand jury proceeding investigating possible charges of espionage. During the course of the investigation, Hugle discovered that his estranged wife, Bevalyn Iverson, had been interrogated by FBI agents, and that the United States Attorney was preparing to call her to testify before the grand jury. Thereupon appellant, asserting the privilege for confidential marital communications, sought a protective order from the district court. In response, the Government represented that such an order would be premature and speculative. The court denied the requested relief, agreeing with the Government that the application for a protective order was premature and additionally doubting appellant's standing to object to questions in a proceeding in which he was not a witness. We disagree. Appellant has standing to assert the marital privilege, and the case must be remanded for further proceedings.

■ The privilege for confidential marital communications, like other privileges, is dependent upon common law processes for its doctrinal development. Fed.R.Evid. 501. *In re Grand Jury Investigation (Hipes)*, 603 F.2d 786, 788 (9th Cir.1979). So interpreted, the marital communications privilege includes statements privately communicated by one spouse to another. *Blau v. United States*, 340 U.S. 332, 333, 71 S.Ct. 301, 302, 95 L.Ed. 306 (1951); *United States v. Weinberg*, 439 F.2d 743, 750 (9th Cir.1971). The privilege applies in the context of a grand jury investigation, *Blau*, 340 U.S. at 333, 71 S.Ct. at 302; *Hipes*, 603 F.2d at 788; *Weinberg*, 439 F.2d at 750, and may be raised by a spouse who is not the witness. *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456 (9th Cir.1983); *United States v. Bolzer*, 556 F.2d 948, 951 (9th Cir.1977).

■ The grand jury is, to a degree, an entity independent of the courts, and both the authority and the obligation of the courts to control its processes are limited. *United States v. Chanen*, 549 F.2d 1306,

1312 (9th Cir.), *cert. denied*, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). Frequent or undue court intervention in the proceedings of a grand jury would impede its authority and make it a less efficacious instrument for the administration of the criminal laws. *United States v. Dionisio*, 410 U.S. 1, 17, 93 S.Ct. 764, 773, 35 L.Ed.2d 67 (1973). The need to preserve the secrecy of an ongoing grand jury investigation is of paramount importance, *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958), and the judiciary must respect the autonomy of the grand jury proceedings in this regard. In the instant case, the district court may well conclude, after our remand, that these considerations are still controlling. Yet, for the reasons we state, further review by the district court should be undertaken before the court determines to grant or deny relief.

■ The rule of judicial noninterference with grand jury proceedings is not absolute. A court may exercise supervisory authority over the grand jury proceedings if there is a clear basis in law and fact for so doing. *Chanen*, 549 F.2d at 1313. The supervisorial authority of district courts over grand jury proceedings is severely limited even when the grand jury proceeding is completed. *See Chanen*, 549 F.2d at 1312. There are instances, however, where judicial intervention is required even before grand jury proceedings are completed. In such instances, this court has recommended application of the *Chanen* standard. *In re Grand Jury Proceeding (Schofield)*, 721 F.2d 1221, 1222 & n. 1 (9th Cir.1983). The usual instance of court intervention involves such matters as the consideration and supervision of orders compelling the witness to answer the questions propounded. *See, e.g., Brown v. United States*, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959). Courts may also exercise supervisory power over the grand jury where there is a clear potential for a violation of the rights either of a witness or of a nonwitness, if the violation cannot be corrected at a later stage.

In *Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972), the Supreme Court upheld the authority of the district court to regulate an ongoing investigation by the grand jury to prevent the potential violation of the congressional privilege under the speech and debate clause in article 1, section 6, clause 1 of the United States Constitution. The Court assumed authority to enter a protective order, without explicitly discussing the point. Though the *Gravel* decision provides no explicit guidance for determining when district court intervention is appropriate, we think the standards set forth above are consistent both with that decision and with the previous decisions of this court. *Chanen,* 549 F.2d at 1313; *United States v. Price,* 474 F.2d 1223, 1225–26 (9th Cir. 1973). Where the prosecutor has the clear purpose to enter a privileged area and it is demonstrated that there is high potential for violation of the privilege, a court is not required to defer relief until after issuance of the indictment. *See, e.g., Gravel,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Schofield,* 721 F.2d 1221 (9th Cir. 1983); *Hipes,* 603 F.2d 786 (9th Cir.1979).

■■■ In this case, it appears that the prosecutor intends to elicit testimony within the potential scope of the marital privilege. At oral argument the Government largely abandoned its reliance on the arguments that injury was speculative and remote. Instead, it asserted that the marital privilege is of a lower order of privilege, and that its existence is questionable when the marriage is not harmonious. This position misstates the law. Cases of the Supreme Court as well as of this court which have discussed the privilege for confidential marital communications have not announced that the privilege occupies a disfavored position in the common law scheme of evidentiary privileges. *See Trammel v. United States,* 445 U.S. 40, 51, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980); *Blau,* 340 U.S. 332, 71 S.Ct. 301, 95 L.Ed. 306 (1951); *United States v. McCown,* 711 F.2d 1441, 1452–53 (9th Cir.1983); *United States v. Lefkowitz,* 618 F.2d 1313, 1317–18 (9th Cir.), *cert. denied,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 27 (1980); *Hipes,* 603 F.2d at 788. The second aspect of the Government's position is equally untenable. The privilege protects confidential communications between husband and wife during the course of a valid marriage, and it may be asserted even after the marriage is dissolved. *Pereira v. United States,* 347 U.S. 1, 6, 74 S.Ct. 358, 361, 98 L.Ed. 435 (1954); *Hipes,* 603 F.2d at 788; *United States v. Lustig,* 555 F.2d 737, 747 (9th Cir.), *cert. denied sub nom., Pederson v. United States,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977) and 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978). Consequently, the privilege must be available to a partner in an existing, albeit disharmonious, marriage. As the Government's position does not give proper deference to the marital privilege, further court proceedings are warranted.

We remand the case to the district court so that it may make further inquiries regarding the applicability of the marital communications privilege to the anticipated testimony before the grand jury. The district court should identify the broad subject areas of inquiry, and may use *in camera* proceedings to protect the secrecy of the grand jury, if necessary. Fed.R.Crim.P. 6(e)(5); *see, e.g., Kerr v. United States District Court,* 426 U.S. 394, 405–06, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976); *United States v. Nixon,* 418 U.S. 683, 714–15, 94 S.Ct. 3090, 3110–11, 41 L.Ed.2d 1039 (1974). The court may then consider whether to formulate a protective order regarding permissible questions or to adopt some other procedure, such as requiring the United States Attorney to apply to the court for further rulings as specific problem areas are encountered. The district court may deny any protective order if it does not appear there is a clear potential for a violation of the privilege.

The most plausible basis for permitting the prosecution to proceed with its questions unhindered by a district court order is the exception to the marital communica-

tions privilege for communications involving future or ongoing crimes in which both spouses were joint participants at the time of the communications. *United States v. Broome,* 732 F.2d 363, 365 (4th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 181, 83 L.Ed.2d 116 (1984); *United States v. Entrekin,* 624 F.2d 597, 598 (5th Cir.1980) (per curiam), *cert. denied,* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981); *United States v. Kahn,* 471 F.2d 191, 194 (7th Cir.1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973), *rev'd on other grounds,* 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974). This circuit has not yet ruled on the existence of this exception, and we lack a sufficient record to rule upon its applicability in the case at bar. *See In re Grand Jury Witness (Salas),* 695 F.2d 359, 362 (9th Cir.1982). Further, counsel did not argue the point before us. The district court may be required to address this question in the first instance if, after further proceedings, it finds the privilege initially applicable. In determining this question, the district court will have the benefit of arguments from counsel for both the Government and the intervenor.

In most instances, we can presume the prosecution will lay an appropriate foundation for the application of an exception to a privilege without the necessity of a protective order from the district court. Here, inasmuch as the Government's position, at least in this stage of the proceeding, reflects a substantial disregard of the privilege, the district court should consider whether judicial supervision is required.

The protective order sought by the appellant extended beyond compelled grand jury testimony and included the request that the Government and its investigators be enjoined from interrogating the wife. The privilege relates only to testimony in judicial or grand jury proceedings, and our opinion is limited accordingly.

The judgment of the district court is remanded for further proceedings not inconsistent with this opinion.