60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Denane FULTZ, Defendant-Appellant.
 No. 94-50119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1994.*
Decided July 3, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Fultz appeals his conviction, following a jury trial, for two counts of robbery on a government reservation under 18 U.S.C. Sec. 2111, and two counts of using and carrying a firearm during a crime of violence under 18 U.S.C. Sec. 924(c)(1). The charges stem from two separate robberies at Camp Pendleton Military Base, one that netted $1600 in August 1992, and the second a $122,000 heist in January 1993. Appellant argues that the district court erred by admitting the incriminating testimony voluntarily given by his wife, Shelly Fultz, and refusing to sever the charges against him and try the two robberies separately. We affirm the rulings of the district court.
 
 
 3
 A district court's ruling on the scope of the marital communications privilege involves mixed questions of law and fact, and is subject to de novo review. See United States v. Zolin, 809 F.2d 1411, 1417 (9th Cir. 1987).
 
 
 4
 After the second robbery, Fultz took his wife to a motel and removed a large black bag from his car. As he removed money from the black bag and put it into a newly bought suitcase, Shelly asked him what was going on. He replied, "I did the Country Store," and then told her the details of the robbery. As he talked, Shelly assisted him by removing the bands from around the money and transferring the cash into the suitcase. At the time she began handling the money, Shelly knew that it was stolen.
 
 
 5
 The district court allowed all of Shelly's testimony with the exception of Mario's statement that he "did the Country Store." Appellant sought to block the testimony by invoking the marital communications privilege, which bars testimony concerning statements privately communicated between spouses. In re Grand Jury Investigation of Hugle, 754 F.2d 863, 864 (9th Cir. 1985). The non-testifying spouse may invoke the privilege. Id.
 
 
 6
 This court, like every other circuit which had addressed the matter, construed the privilege narrowly in holding that "the marital communications privilege does not apply to communications having to do with present or future crimes in which both spouses are participants." United States v. Marashi, 913 F.2d 724, 730 (9th Cir. 1990); see also United States v. Parker, 834 F.2d 408, 411 (4th Cir. 1987), cert. denied, 485 U.S. 938 (1988); United States v. Estes, 793 F.2d 465, 468 (2nd Cir. 1986); United States v. Keck, 773 F.2d 759, 767 (7th Cir. 1985); United States v. Neal, 743 F.2d 1441, 1446 (10th Cir. 1984), cert. denied, 470 U.S. 1086 (1985); United States v. Ammar, 714 F.2d 238, 257-58 (3d Cir.), cert. denied, 464 U.S. 936 (1983).
 
 
 7
 This is the "partnership in crime" exception to the privilege, and its rationale is that "greater public good will result from permitting the spouse of an accused to testify willingly concerning their joint criminal activities." Estes, 793 F.2d at 468. The district court did not err in holding that Shelly Fultz became a "partner" in the crime from the moment her husband admitted that he robbed the Country Store. When she gained knowledge of the origins of the stolen money, her assistance in removing the bands from the money and transferring it to the suitcase made her an accessory after the fact. Thus, her testimony about Fultz's admissions is protected by the crime fraud exception to the privilege, because at that point, her actions were in furtherance of the crime.
 
 
 8
 Appellant's reliance on Estes and Neal is misguided, because he interprets those cases too broadly. The salient moment in this calculus occurs when the defendant confesses a crime and the spouse nonetheless assists. It does not matter how 'active' or 'passive' the assistance is, as long as it is done with the requisite knowledge of the criminal actions. Once the spouse has crossed the line to become an accessory, the defendant can no longer block the spouse's testimony with the marital communications privilege.
 
 
 9
 The district court also did not err by admitting Shelly's testimony that Fultz gave her a bag of money, without saying anything, after his first robbery. Such an act was not a "communication" within the scope of the privilege. Normally, the confidential communication privilege extends only to utterances and not to acts. Pereira v. United States, 347 U.S. 1, 6 (1954). An act is only a communication when it is a gesture in lieu of words. This was not such as instance.
 
 
 10
 With regard to the issue of severance, a district court's denial of a motion to sever counts is reviewed for abuse of discretion. United States v. Mariscal, 939 F.2d 884, 885 (9th Cir. 1991). A severance motion must be renewed at the close of evidence at trial, or the issue is waived. United States v. Davis, 932 F.2d 752, 762 (9th Cir. 1991).
 
 
 11
 Appellant sought to sever the counts pursuant to Fed. R. Crim. P. 14 in his pre-trial motion, but he did not renew the motion at trial. Because Appellant failed to renew the motion at trial, his claim that the district court erred in denying the severance motion is unreviewable. See United States v. Plache, 913 F.2d 1375, 1378-79 (9th Cir. 1990); United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir. 1989).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3