**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MARIO DENANE FULTZ,
*Defendant-Appellant.*

No. 17-56002

D.C. Nos.
3:16-cv-01558-DMS
3:93-cr-00351-DMS-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Filed May 10, 2019

Before: Ronald M. Gould and Jacqueline H. Nguyen,
Circuit Judges, and Algenon L. Marbley,[*] District Judge.

Opinion by Judge Marbley

---

[*] Honorable Algenon L. Marbley, District Judge for the United
States District Court for the Southern District of Ohio, sitting by
designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

The panel affirmed the district court's denial of Mario Fultz's motion under 28 U.S.C. § 2255 in which he argued that his sentence was improperly enhanced under 18 U.S.C. § 924(c)(1) on the ground that his underlying offense, Robbery on a Government Reservation in violation of 18 U.S.C. § 2111, was a "crime of violence" under 18 U.S.C. § 924(c)(3).

The panel held that § 2111 Robbery, even if done by "intimidation" alone, is categorically a "crime of violence" under the elements clause of § 924(c)(3)(A).

## COUNSEL

Kara Hartzler (argued), Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

Helen H. Hong (argued), Chief, Appellate Section; Adam L. Braverman, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

MARBLEY, District Judge:

In 2016, the Supreme Court decided *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551. In *Johnson II*, the Court invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA")—18 U.S.C. § 924(e)(2)(B)(ii)—as void for vagueness. Following *Johnson II,* Defendant-Appellant Mario Fultz filed a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Fultz argues that his sentence was improperly enhanced under § 924(c)(1). First, he argues that, because the underlying offense, robbery, was not a "crime of violence" under the elements clause of § 924(c)(3)(A), his sentence was enhanced pursuant to the residual clause of § 924(c)(3)(B). Second, he argues that his sentence enhancement under the residual clause is unconstitutional after *Johnson II*. The district court denied Fultz's § 2255 motion but issued a certificate of appealability, allowing Fultz to appeal its denial order. This appeal was timely filed.

Between the time this appeal was filed and the time this court began consideration of this case, the Supreme Court granted certiorari in *United States v. Davis*, 18-431, which was argued April 17, 2019. *Davis* will address the question of whether the residual clause of §924(c)(3) is unconstitutional. In the interim, this court heard argument on the first certified question: whether the crime of which Fultz was convicted, robbery in violation of 18 U.S.C. § 2111, is a crime of violence under the elements clause.

We conclude that § 2111 Robbery is a "crime of violence" under the elements clause. Fultz conceded that, if his conviction under § 2111 also satisfies the elements clause of § 924(c)(3)(A), he would be unable to obtain relief

under *Johnson II.* Accordingly, the district court is **AFFIRMED**.

## Background

The facts of this case are not in dispute. In August 1992 and January 1993, Defendant-Appellant Mario Fultz robbed an exchange on Camp Pendleton Military Base, near San Diego, California. Mr. Fultz was charged with two counts of Robbery on a Government Reservation, in violation of 18 U.S.C. § 2111, and two counts of Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). In total, Fultz stole approximately $123,500. In 1994, after a jury trial, he was convicted on all four counts. During the robberies, Fultz carried, but did not fire, a pistol. He was sentenced to consecutive mandatory minimum of 60 months' custody for the first firearm violation, and a consecutive mandatory minimum of twenty years' custody for the second firearm violation. Although Fultz had no prior criminal history, he was sentenced to more than thirty years for the two robbery offenses.

Fultz appealed both his conviction and his sentence, but this court affirmed. *United States v. Fultz*, 60 F.3d 835 (9th Cir. 1995) (unpublished). Fultz also alleged his trial counsel was ineffective and filed several *pro se* § 2255 motions, all of which were denied.

In June 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson II* held that the "residual clause" of ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. The next year, the Supreme Court said *Johnson II* was a substantive rule change, and so was retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Fultz filed this § 2255 motion within one year of *Johnson II*. This Court granted Fultz's application to file a second or successive § 2255 motion. In July 2017, the district court denied Fultz's § 2255 motion, reasoning that § 2111 Robbery is a crime of violence under the elements clause, and, in any event, *Johnson II* did not render § 924(c)(3)(B) void for vagueness. However, the district court granted Fultz a certificate of appealability. This appeal followed.

## Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's denial of a § 2255 motion. *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014).

## Discussion

The question presented is whether Robbery on a Government Reservation, 18 U.S.C. § 2111, is an elements clause "crime of violence," that is, whether it is an offense that "has as an element the use, attempted use, or threatened use of physical force" under 18 U.S.C. § 924(c)(3)(A). We hold today that § 2111 Robbery is a "crime of violence" under the elements clause.

In *Johnson I*, the Supreme Court considered whether battery in Florida was categorically a crime involving the "use, attempted use, or threatened use of physical force." *Johnson v. United States*, 559 U.S. 133 (2010).[1] The Court held that the phrase "physical force" requires "violent

---

[1] Although the Court was interpreting a provision of the ACCA, § 924(e)(2)(B)(i), the operative language——"use, attempted use, or threatened use of physical force"——is identical to the portion of the statute at issue, § 924(c)(3)(A). This clause in both statutes is referred to interchangeably as the "elements clause" or the "force clause."

force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140.

The relevant language of § 2111 criminalizes robbery done "by force and violence, or by intimidation." 18 U.S.C. § 2111. We use the "categorical approach" to determine whether a crime qualifies as a predicate offense under § 924(c)(3). *See Taylor v. United States*, 495 U.S. 575 (2000). This approach requires the Court to "assess[] whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson II*, 135 S. Ct. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). Under the categorical approach, courts must ask whether the conviction could stand if it rested upon the "least of the acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (quoting *Johnson I*, 559 U.S. at 137) (alteration omitted). If the least of the acts criminalized by § 2111 would be a crime of violence under § 924(c)(3)(A), then § 2111 Robbery is categorically a crime of violence under the elements clause.

We have previously held that 18 U.S.C. § 2119— carjacking—qualifies as a crime of violence under the elements clause following *Johnson I. United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017). Section 2119 has the same force language—"by force and violence or by intimidation"—as does § 2111 Robbery. This conclusion also echoes our earlier decision that § 2113 Bank Robbery is a crime of violence, *United States v. Selfa*, 918 F.2d 749, 751–52 (9th Cir. 1990), although *Selfa* was decided before *Johnson I*.

In *Gutierrez*, we discussed *Selfa* and concluded that "[b]ank robbery by intimidation thus requires at least an

implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *Gutierrez*, 876 F.3d at 1257. And because § 2113 Bank Robbery and § 2119 Carjacking are criminalized using the same language, there is "no reason to interpret the term 'intimidation' in the federal carjacking statute any differently." *Id*.

We employed the same reasoning in *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam), in which this court concluded that, even after *Johnson I*, § 2113 Bank Robbery is a "crime of violence under the force clause." *Id*. at 784. In *Watson*, after determining that the categorical approach applies, we rejected the defendants' argument that bank robbery by intimidation alone did not meet the requirements for a "crime of violence." *Id.* at 785. In doing so, we discussed and relied on *Gutierrez*, concluding that even bank robbery by intimidation involved "the type of violent physical force necessary to meet the *Johnson* [*I*] standard." *Id*. at 785 (quoting *Gutierrez*, 876 F.3d at 1257).

So too here. Because § 2111 uses the same force language as § 2113 (*Selfa*; *Watson*) and § 2119 (*Gutierrez*), the controlling cases on this question have led us to conclude that § 2111 Robbery, even if done by "intimidation" alone, is categorically a "crime of violence" for the purposes of § 924(c)(3)(A).

Fultz relies on *United States v. Goldtooth*, arguing that *Goldtooth* shows that a defendant can be convicted under § 2111 even when he uses only *de minimis* force and that this level of force is insufficient under *Johnson I* to qualify as a "crime of violence." *See United States v. Goldtooth*, 754 F.3d 763 (9th Cir. 2014). This argument, made by drawing conclusions from what the *Goldtooth* court did *not* say, is precluded by *Gutierrez.*

In *Goldtooth*, two defendants were convicted of § 2111 Robbery for "snatch[ing]" tobacco from two teenagers. *Goldtooth*, 754 F.3d at 766. The defendants carried baseball bats and knives but did not use these weapons on the teenagers. *Id.* The defendants patted down the teenagers, as if looking for weapons, and asked whether the teens had money or wallets on them. *Id.* At one point, one of the defendants "nudged" a teenager with the bat "to hurry him up." *Id*. After some back-and-forth, the defendants suddenly "snatched" the tobacco from the teenagers and fled. *Id.* "No verbal threats were ever made; [the teenagers] were not physically harmed." *Id.* A jury convicted the defendants of two counts, one for the robbery of the tobacco and the second for the attempted robbery of the money and wallet. The defendants were convicted on an "aiding and abetting" theory, whereby the government could satisfy its burden without having to prove "which person had actually carried out the robbery and which person or persons had aided and abetted." *Id.* at 768.

On appeal, the defendants' convictions were vacated because of insufficient evidence. *Id.* at 765. The Ninth Circuit concluded that, as to the robbery of the tobacco, the government lacked evidence that either defendant had the specific intent to aid and abet the robbery because they did not have advance knowledge that the robbery was going to take place. *Id.* at 768–69. The federal government failed to show that the defendants "had drawn up plans or had discussions prior to the taking." *Id.* at 769. In addition, the prosecution had presented insufficient evidence to sustain a conviction on the second count for attempted robbery of the wallet because attempted robbery also required specific intent, which the government was unable to prove. *Id*. at 770.

But the crux of *Goldtooth*, according to Fultz, is what the Ninth Circuit does *not* say. Although the panel reversed and remanded for entry of judgment of acquittal on both counts, it did so on the basis that the evidence was insufficient to sustain the specific intent elements of the crimes—*not* because § 2111 Robbery could not be accomplished by a mere "snatch" or with such *de minimis* use of force. Fultz urges this panel to follow *Goldtooth*'s assumption that such minimal force can accomplish a § 2111 Robbery. If this were the rule, then there would be evidence that § 2111 Robbery and § 2119 Carjacking are interpreted differently by courts. This would also support the conclusion that § 2111 Robbery would not be a "crime of violence" under the elements clause because *Johnson I* and subsequent cases indicate that a "snatch" is insufficient to qualify as "violent physical force."[2]

This reading of *Goldtooth* is precluded by *Gutierrez* and *Watson*. Fultz is correct that the *Goldtooth* court did not say it was vacating the convictions because the "snatching" was insufficient to sustain § 2111 Robbery. But we cannot infer

---

[2] The Supreme Court recently suggested this continues to be its approach to these questions in *Stokeling v. United States*, No. 17-5554 (U.S. Jan. 15, 2019). Stokeling was convicted of robbery in Florida and argued that the Florida robbery statute did not qualify as a "crime of violence" under §924(e)(2)(B)(i)—the elements clause at issue in *Johnson I*. The relevant Florida robbery statute criminalizes "the use of force, violence, assault, or putting in fear." Slip op. at 2. The Supreme Court held that the "elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." Slip op. at 3. Although *Stokeling* involves Florida robbery and not § 2111 Robbery, the language defining the offense is similar. The Supreme Court's conclusion first reaffirms that the categorical approach is the correct one, slip op. at 3, and reaffirms that the level of force defined by Florida robbery qualifies as a "crime of violence" under the ACCA elements clause at § 924(e)(2)(B)(i).

a conclusion one way or the other from the silence in *Goldtooth* when *Gutierrez* and *Watson* are on point.

At oral argument, Fultz made a further argument in an attempt to distinguish the language of § 2119 Carjacking and § 2111 Robbery. Fultz noted that § 2119 Carjacking has an intent element—"whoever, with the intent to cause death or serious bodily harm"—that § 2111 Robbery does not. This observation is correct, but does not persuade us that the force clauses in these statutes have different meanings. Section 2113 Bank Robbery, discussed in *Selfa*, lacks a specified intent "to cause death or serious bodily harm," and thus resembles Section 2111 Robbery. Although *Selfa* was decided before *Johnson I*, the *Gutierrez* court relied on both *Selfa* and *Johnson I* when it held that § 2119 Carjacking is a crime of violence. Relying on the manner of execution and not any specified intent, it explained that "[b]ank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *Gutierrez,* 876 F.3d at 1257. The reasoning in *Gutierrez* illustrates that we consider *Selfa* to be consistent with *Johnson I* and have continued to interpret the force clause in the same way. And in *Watson,* decided after *Johnson I*, we also dismissed an argument that bank robbery by intimidation lacks the *mens rea* to meet the threshold set forth in *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). *Watson*, 881 F.3d at 784. *Watson* held that, because § 2113 Bank Robbery by intimidation cannot be done by mere negligence, it does meet the *mens rea* threshold. *Id.* Accordingly, the language difference in these statutes does not affect our understanding of the force clause of § 2111 Robbery, which we find meets the *Johnson I* standard to be an elements clause "crime of violence."

With this precedent, we decline to change course today. There is not a compelling reason at this time to read "by force and violence or by intimidation" differently in § 2111 Robbery and in § 2119 Carjacking. Because § 2119 Carjacking and § 2113 Bank Robbery, by means of "intimidation," qualifies as a "crime of violence" under the elements clause after *Johnson I*, so too does § 2111 Robbery.

## Conclusion

Robbery in violation of 18 U.S.C. § 2111 is a "crime of violence" under the elements clause of § 924(c)(3)(A). Accordingly, Fultz is ineligible for relief under *Johnson II*, and the district court is affirmed.

**AFFIRMED.**