**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-56149 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01545-DMS 3:08-cr-04324-DMS-2 |
| v. | |
| QUINTON OMAR JACKSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,** District
Judge.

Defendant Quinton Omar Jackson appeals the denial of his 28 U.S.C. § 2255

motion challenging his sentence on one count of using or carrying a firearm during

a crime of violence under 18 U.S.C. § 924(c). We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

U.S.C. § 2253. Reviewing the denial of a § 2255 motion *de novo*, *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm. Even assuming that Jackson's appeal is not barred by the appellate waiver in his plea agreement, his argument that his underlying conviction for robbery under 18 U.S.C. § 2111 is not a crime of violence is foreclosed by our precedent. *See United States v. Fultz*, 923 F.3d 1192, 1197 (9th Cir. 2019) ("Robbery in violation of 18 U.S.C. § 2111 is a 'crime of violence' under the elements clause of § 924(c)(3)(A).").

**AFFIRMED.**