**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35936 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-00111-BMM 4:12-cr-00051-BMM-3 |
| v. | |
| LOUIS JAMES ROMERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 15, 2019[**]

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Louis James Romero appeals from the district court's order denying his motion to vacate his sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Romero argues that, because of subsequent changes in Washington and California criminal law regarding the possession of marijuana, he should be resentenced without being designated as a career offender under the Federal Sentencing Guidelines. However, Romero provided no documentation to establish that his criminal record has, in fact, been affected by either state's laws. Further, even if Romero had received Washington and/or California post-conviction relief, he would not be entitled to resentencing. At the time of Romero's federal offense, he had sustained two prior controlled substance offenses, which qualified him as a career offender. *See* U.S.S.G. § 4B1.2(c) (2011). Any change in the status of those prior offenses under state law cannot affect that determination. *See United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) ("State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts."); *see also United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 839 (2017) (state order that reclassified a defendant's felony conviction as a misdemeanor did not change the historical fact that defendant had been convicted of a felony for purposes of a federal statutory sentencing enhancement).

We treat appellant's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

18-35936

**AFFIRMED.**