FILED
United States Court of Appeals
Tenth Circuit

April 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDDIE SHIRLEY,

    Defendant - Appellant.

No. 18-2071
(D.C. Nos. 1:16-CV-00633-WJ-KRS &
1:13-CR-00067-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Eddie Shirley appeals the district court's dismissal with prejudice of his

motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The

district court dismissed his § 2255 motion because it determined that he was properly

convicted of using and brandishing a firearm during a crime of violence in violation

of 18 U.S.C. § 924(c)(1)(A)(ii). It rejected his argument that his underlying offense,

Robbery in Indian Country under 18 U.S.C. § 2111, is not a "crime of violence"

---

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

within the meaning of § 924(c)(3). We previously granted Shirley a certificate of appealability (COA). We now affirm the district court's judgment.

BACKGROUND

Shirley was indicted on one count of Robbery in Indian Country under § 2111 and one count of knowingly using and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He agreed to plead guilty to Use of a Firearm in Relation to a Crime of Violence in violation of § 924(c).[1] In his plea agreement the parties stipulated to an 84-month sentence. Shirley admitted that the following facts were true and correct:

> On or about November 30, 2012, in Indian Country, in San Juan County, in the District of New Mexico, I, EDDIE SHIRLEY, an Indian, with Jane Doe, knowingly used and brandished a firearm during and in relation to a crime of violence, that being robbery, and took by force and violence, and by intimidation, from the person and presence of A.H., T.B., M.S., and L.H., a thing of value, namely, money belonging to the Sonic Drive-In Restaurant.

R., Vol 2 at 10.

The district court accepted his plea and sentenced him to a term of incarceration of 84 months. The § 2111 count was dismissed.

Section 924(c), under which Shirley was sentenced, provides a minimum seven-year sentence for a person who brandishes a firearm "during and in relation to

---

[1] Although included in a section of the statute labeled "Penalties," a violation of § 924(c) represents a discrete offense for which a defendant may be convicted. *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1057-58 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018).

any crime of violence."  18 U.S.C. § 924(c)(1)(A)(ii).  The statute defines a "crime of violence" as a felony that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

Subsection (A) is referred to as the "force" or "elements" clause, and subsection (B) is referred to as the "residual" clause.  *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).  The Armed Career Criminal Act (ACCA) employs a similarly worded "residual" clause, which it uses to define the term "violent felony." *See id.* § 924(e)(2)(B)(ii) (defining "violent felony" to include a felony that "presents a serious potential risk of physical injury to another").  In 2015, the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague and therefore invalid.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015).  The Court later made its holding retroactive to cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Shirley then filed this motion, arguing that under *Johnson* the residual clause pertaining to his conviction in § 924(c)(3)(B) was also invalid for vagueness.  He further argued that he could not have been sentenced under that statute's "elements" clause because the felony crime of Robbery in Indian Country under § 2111 did not satisfy § 924(c)(3)(A).  The district court dismissed Shirley's motion, concluding that regardless of whether § 924(c)(3)(B)'s residual clause was unconstitutionally vague,

3

Shirley was properly sentenced under the "force" or "elements" clause in § 924(c)(3)(A). Shirley appealed, and we granted a COA on the issue of whether Robbery in Indian Country under § 2111 is a "crime of violence" as defined by § 924(c)(3)(A)'s "force" or "elements" clause.

## DISCUSSION

"On appeal from the denial of a § 2255 motion, ordinarily we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Bowen*, 936 F.3d 1091, 1096-97 (10th Cir. 2019) (internal quotation marks omitted). Where, as in this case, "the district court does not hold an evidentiary hearing, but rather denies the motion as a matter of law upon an uncontested trial record, our review is strictly de novo." *Id.* (internal quotation marks omitted).

After the district court dismissed Shirley's motion, the Supreme Court held that the residual clause in § 924(c)(3)(B), like the ACCA's residual clause, is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. The "Court's ruling in *Davis* . . . is a new constitutional rule that is retroactive on collateral review." *Bowen*, 936 F.3d at 1097-98. Under *Davis*, a defendant "cannot be guilty of violating § 924(c)(1) if his . . . convictions qualify as crimes of violence only under [the residual clause,] § 924(c)(3)(B)." *Id.* at 1101. Thus, we must determine whether § 2111 Robbery is a "crime of violence" under the statute's elements clause; that is, whether it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

4

We first consider the quantum of force necessary to satisfy this element. The Supreme Court has explained, construing identical language in the ACCA's elements clause, that "physical force" as used in that statute "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). We have also accordingly held that the word "force" in § 924(c)(3)(A) means "violent force" as defined in *Curtis Johnson*. *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *see also Bowen*, 936 F.3d at 1103.

We next consider whether Shirley's robbery required "violent force." To make that determination, we apply the categorical approach. *See Bowen*, 936 F.3d at 1102. Under that approach, we examine "the statutory definition of the [related] offense, and do not generally consider the particular facts disclosed by the record of conviction." *Id.* (internal quotation marks omitted). This means we ask whether the minimum force required to commit § 2111 Robbery qualifies as "violent force." *See id.* at 1103-04.

Section 2111 provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, *by force and violence, or by intimidation*, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years." (emphasis added). Shirley argues that the minimum quantum of force required under this statute is "the force necessary for mere common law robbery," Aplt. Opening Br. at 13-14, which he defines as "force . . . sufficient . . . to overcome any resistance to the taking, including the

5

resistance provided by the clothing to which an item was attached," *id.* at 16.[2] We

agree that this statute incorporates the common-law definition of robbery. *See, e.g.*,

*Stokeling v. United States*, 139 S. Ct. 544, 551 (2019) (stating that the original

ACCA, which defined robbery to require the use of "force or violence," made "a

clear reference to the common law of robbery."). Shirley contends the quantum of

force required to commit common-law robbery is less than the "violent force"

required for a § 924(c) conviction. But his argument is foreclosed by both our case

law and recent Supreme Court precedent.

In *Melgar-Cabrera*, we considered whether Hobbs Act robbery, which we

defined as "common-law robbery that affects interstate commerce," qualified as a

"crime of violence" under § 924(c)(3)(A). 892 F.3d at 1064. We rejected the

defendant's contention that "common-law robbery can be committed without violent

---

[2] Shirley also challenges the district court's determination that he admitted to committing the offense by using not only force and violence but also intimidation. He argues that notwithstanding the language in his plea agreement stating that he took property "by force and violence, *and* by intimidation," we should read this language disjunctively and conclude that he only admitted to using the lesser amount of force described, i.e., intimidation. *See* Aplt. Opening Br. at 8-12. One would expect this contention to be followed by an argument that under the categorical approach, intimidation is a means of committing § 2111 Robbery that does not satisfy § 924(c)(3)(A). But Shirley does not make this argument; in fact, he avers that his is "a different claim" that rests only on "whether [§ 2111 Robbery] can be accomplished with the force necessary for mere common law robbery." Aplt. Opening Br. at 13-14. In any event, we have held that "intimidation" satisfies the elements clause of a similar Guideline provision because it involves a *threatened* use of physical force. *See United States v. McCranie*, 889 F.3d 677, 680-81 (10th Cir. 2018) (interpreting U.S.S.G. § 4B1.2(a)(1)), *cert. denied*, 139 S. Ct. 1260 (2019). For similar reasons, intimidation constitutes the "threatened" use of physical force for purposes of a crime of violence under § 924(c)(3)(A).

force," noting that mere "[o]ffensive touching has never sufficed to satisfy the force element of robbery." *Id.* Citing authorities indicating that the force element of common-law robbery was "identified with strong or violent force," *id.*, we concluded "that the force element in common-law robbery statutes . . . can only be satisfied by violent force," *id.* at 1065.

Since *Melgar-Cabrera*, the Supreme Court has ruled similarly. *See Stokeling*, 139 S. Ct. at 555. In *Stokeling* the Court determined that a Florida robbery statute interpreted by the Florida courts to require "resistance by the victim that is overcome by the physical force of the offender" requires "the use of 'physical force' within the meaning of the [ACCA]." *Id.* at 548, 549. The Court reached this conclusion after explaining that at common law "robbery" included only the use of force necessary "to seize another's watch or purse [by breaking] a chain or guard by which it is attached to his person, or to run against another, or rudely push him about, for the purpose of diverting his attention and robbing him." *Id.* at 550 (internal quotation marks omitted). The Court reasoned that "force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by [*Curtis*] *Johnson*." *Id.* at 553. By employing the word "force" in the 1986 amendment to the ACCA, it stated, "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence under the [ACCA's] elements clause." *Id.* at 551.

Common-law robbery thus constitutes a "crime of violence" under the reasoning in *Stokeling* and *Melgar-Cabrera*. Resisting this conclusion, Shirley

7

attempts to distinguish § 2111 Robbery from the Florida robbery statute discussed in *Stokeling*. He argues that the *Stokeling* Court determined the Florida statute required violent force only because the Florida courts had interpreted it to require "resistance by the victim that is overcome by the physical force of the offender" rather than "[m]ere snatching of property from another." *Id.* at 555 (internal quotation marks omitted). He implies that common-law robbery, such as that described by § 2111, can include mere snatching, and thus the least amount of force that can result in a § 2111 violation requires less than "violent force" under *Stokeling*.

But this argument ignores the Court's additional statement in *Stokeling*, in which it equated the quantum of force required for common-law robbery, the ACCA, and the relevant Florida statute. *See Stokeling*, 139 S. Ct. at 555 (holding "physical force in [the] ACCA encompasses the degree of force necessary to commit *common-law robbery*, and . . . Florida robbery requires *that same degree of force*." (emphasis added) (internal quotation marks omitted)). Moreover, Shirley has not cited a § 2111 case that upheld a conviction for merely snatching property without the use of "violent force" as that term was understood in *Stokeling* and *Curtis Johnson*. Nor have we found such a case. We note, finally, that another circuit that has considered the issue post-*Stokeling* has concluded that § 2111 Robbery is a crime of violence as defined in § 924(c)(3)(A). *See United States v. Fultz*, 923 F.3d 1192, 1197 (9th Cir.) ("Robbery in violation of 18 U.S.C. § 2111 is a 'crime of violence' under the elements clause of § 924(c)(3)(A)."), *cert. denied*, 140 S. Ct. 668 (2019).

8

CONCLUSION

Shirley's underlying offense, § 2111 Robbery, meets the requirements of the elements clause of § 924(c)(3)(A). We affirm the district court's judgment dismissing his § 2255 motion.

Entered for the Court


Nancy L. Moritz
Circuit Judge