**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-55854 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-09678-TJH |
| v. | 2:04-cr-01131-GAF-7 |
| WILLIAM FERGUSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted April 8, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

William Ferguson appeals the denial of his 28 U.S.C. § 2255 motion.

Because the parties are familiar with the facts and procedural history, we do not

restate them here except as necessary to explain our disposition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court found Ferguson procedurally defaulted on his claims. It found that he failed to show actual prejudice that would excuse the procedural default because the only support offered for his insufficiency of the evidence claim regarding the drug trafficking predicates was a transcript of the Government's closing argument. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The district court's denial of a § 2255 petition is reviewed de novo. *United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019). "Determinations of whether there has been a procedural default are also reviewed de novo." *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice . . . or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and quotations omitted).

To establish prejudice, Ferguson must show there is a "reasonable probability" that the outcome of the proceedings would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999). To show actual innocence, Ferguson must demonstrate "in light of all the evidence … that it is more likely

than not that no reasonable juror would have convicted him." *Ratigan*, 351 F.3d at 965.

Ferguson fails to demonstrate that had he appealed the sufficiency of the evidence supporting the § 924(c) convictions based on the drug trafficking charges, there is a reasonable probability he would have succeeded on the merits of that appeal. He would need to show that the evidence underlying the drug trafficking convictions was insufficient, such that "after viewing the evidence in the light most favorable to the prosecution" no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The evidence supporting Ferguson's convictions for attempted possession with intent to distribute cocaine was legally sufficient for each of the challenged counts. The jury heard testimony concerning the conspiracy's aims generally that supported an inference in favor of the government. *See United States v. Stanton*, 501 F.3d 1093, 1101 (9th Cir. 2007) (describing that where the evidence permits conflicting inferences—one indicating guilt and the other innocence—the court is to presume the trier of fact resolved these inferences in favor of the government). There was also evidence for each of the relevant robberies from which a rational

juror could conclude Ferguson attempted to find drugs in the home, including co-conspirator testimony that the conspirators were informed there might be drugs at each location and that conspirators asked victims where the drugs were.

The evidence supporting the jury's finding that Ferguson possessed or used a firearm in connection with possession of cocaine was also legally sufficient. "A conviction for possession of a firearm 'in furtherance of' a drug trafficking offense or crime of violence under § 924(c) requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime." *Krouse*, 370 F.3d at 967. In determining whether sufficient evidence supports a conviction under this Section, we consider whether "facts in evidence reveal a nexus between the guns . . . and the underlying offense." *Id.* at 968.

Here, evidence adduced at trial showed Ferguson was armed when he went to the house on Hubbard Street. Evidence showed that he carried and displayed the gun as part of a show of authority intended to enable the offense of possession with intent to distribute. Ferguson possessed the firearm immediately, accessibly, and strategically on his person while taking possession of the drugs with intent to distribute. *See United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). This is sufficient to establish the requisite nexus. *Id.*

4

Because Ferguson cannot demonstrate a likelihood of success on his insufficiency of the evidence claims, he cannot establish prejudice or actual innocence to excuse any procedural default. Accordingly, we need not resolve any other issues raised by the parties.

**AFFIRMED.**