NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35931 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00099-SPW 1:04-cr-00126-SPW-1 |
| v. | |
| ORVILLE MORRISON, AKA Orville David Morrison, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 6, 2022
Submission Withdrawn December 12, 2022
Resubmitted February 1, 2024
Seattle, Washington

Before: McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Orville Morrison appeals from the district court's order denying his motion

under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In 2004, Morrison shot and killed William Wick. Following a jury trial, Morrison was convicted of voluntary manslaughter, in violation of 18 U.S.C. § 1112(a), and of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). In 2016, Morrison filed a section 2255 motion seeking relief on the theory that voluntary manslaughter does not constitute a crime of violence under section 924(c). The district court denied relief, concluding that the motion was untimely. "We review *de novo* the district court's denial of a § 2255 motion." *United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019).

On appeal, the United States expressly waived any argument that Morrison's motion was untimely, instead arguing that his claim fails on the merits. After hearing oral argument, we withdrew submission pending the issuance of the mandate in *United States v. Draper*, 84 F.4th 797 (9th Cir. 2023). The mandate has now issued. In *Draper*, the court held that voluntary manslaughter under section 1112(a) is a crime of violence under section 924(c). *Id.* at 807. That holding resolves this case. Because voluntary manslaughter is a crime of violence, the district court did not err in denying Morrison's section 2255 motion.

**AFFIRMED.**